UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CR424-071 |
| HENRY WILLIAMS, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Henry Williams is indicted on a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). *See* doc. 1. The indictment alleges that Williams was prohibited from possessing a firearm because "he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year." *Id.* at 1. Williams moved to dismiss the Indictment because he contended that § 922(g)(1) violates the Second Amendment, both facially and as applied to him. *See* doc. 18. After an informal communication that Defendant was abandoning his facial challenge and wished to proceed solely on his as-applied challenge, the Court directed further briefing on that issue. *See* doc. 24. The parties complied. Docs. 26 & 27. They also informed the Court that neither sought an evidentiary

hearing or oral argument on the Motion. *See* doc. 28 at 1. The Motion is, therefore, ripe for disposition. *See* doc. 29.

Defendant argues that the Supreme Court's opinions in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), support the conclusion that § 922(g)(1) "is unconstitutional as applied to him," because his prior felony convictions are non-violent. Doc. 26 at 4-5. He argues that the United States Court of Appeals for the Third Circuit's acceptance of a similar argument in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024), is "an indication of where he believes the 11th Circuit will end up in its remand decision in [*United States v.* ]*Dubois*." Doc. 26 at 2. The Government points out that "Defendant's theory is inconsistent with the reasoning of numerous unpublished Eleventh Circuit decisions concerning as-applied challenges." Doc. 27 at 3. As explained below, the Government's assessment is persuasive.

The Eleventh Circuit has expressly held that § 922(g)'s categorical prohibition on felons' possession of firearms does not offend the Second Amendment. *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("statutes disqualifying felons from possessing a firearm *under any*

*and all circumstances* do not offend the Second Amendment." (emphasis added)). Although *Rozier* was decided before *Bruen,* the Eleventh Circuit has repeatedly rejected the argument that *Bruen* altered its holding. *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) ("*Bruen* did not abrogate *Rozier*."), *vacated and remanded* 145 S. Ct. 1041 (2025); *see also United States v. Thomas*, 2024 WL 3874142 at \*3 (11th Cir. Aug. 20, 2024) (acknowledging binding Circuit precedent that § 922(g)(1) is constitutional and survives Second Amendment scrutiny); *United States v. Lowe*, 2024 WL 3649527, at \*2-\*3 (11th Cir. Aug. 5, 2024); *United States v. Lopez*, 2024 WL 2032792, at \*1-\*2 (11th Cir. May 7, 2024); *United States v. Coleman*, 2024 WL 1156270, at \*4 (11th Cir. Mar. 18, 2024). As recently as January of this year, the Eleventh Circuit reiterated that "[n]either *Bruen* nor *Rahimi* cast any doubt whatsoever on felon-in-possession prohibitions," and that *Rozier* remains binding precedent. *United States v. Cole*, 2025 WL 339894, at \*4 (11th Cir. Jan. 30, 2025).[1] Persuasive authority interpreting *Rozier*'s binding authority

---

[1] The Court notes that *Cole* was decided two weeks after the Supreme Court remanded *Dubois*. *Compare Cole,* 2025 WL 339894, *with Dubois*, 145 S. Ct. 1041. Moreover, courts in this Circuit have not found the remand of *Dubois* particularly significant in analyzing the constitutionality of § 922(g)(1). *See, e.g., United States v. Wallace,* 2025 WL 1174315 (N.D. Ala. Apr. 22, 2025); *United States v. Hill*, 2025 WL 1094253 (M.D. Ga. Apr. 11, 2025).

also expressly forecloses Williams' as-applied argument. The Eleventh Circuit has characterized *Rozier* as holding "that felons as a class of persons were not entitled to possess a [firearm] under the Second Amendment." *United States v. Dukes*, 2024 WL 4563933, at *2 (11th Cir. Oct. 24, 2024). Given that overwhelming persuasive authority, the Court does not share Williams' anticipation that the Third Circuit's approach in *Range* is "an indication of where . . . the 11th Circuit will end up," on the question of § 922(g)(1)'s constitutionality.

Overwhelming persuasive authority establishes that *Rozier* remains binding precedent, notwithstanding *Bruen* and *Rahimi*. As such, its holding that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," and felons "fall[ ] within such a class," remains binding upon this Court. *Rozier*, 598 F.3d at 771. Whether Williams' prior felony convictions are non-violent or not, therefore, his as-applied challenge to § 922(g)(1) fails.[2] His Motion to Dismiss should, therefore, be **DENIED**. Docs. 18 & 26.

---

[2] The Court notes that, despite the informal withdrawal of his facial challenge, he has not formally withdrawn it. *See, e.g.,* docs. 18, 24 & 26. The Court's analysis above concluding that *Rozier* remains binding precedent forecloses any facial challenge,

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

however. To the extent that his facial challenge remains pending, therefore, for the reasons explained above, it should also be **DENIED**. Doc. 18.